IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DARIN D. HARRIS | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2354-B-BD |
| | § | |
| STATE OF TEXAS, ET AL. | § | |
| | § | |
| Respondents. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Darin D. Harris, a Texas prisoner, has filed a pleading entitled "Motion by 'General Appearance' for Leave to File an Affidavit of Truth." For the reasons stated herein, the pleading should be treated as an application for writ of habeas corpus and dismissed without prejudice for failure to exhaust state remedies.

I.

In 2000, petitioner was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Harris v. State*, No. 11-00-00230-CR, 2001 WL 34373334 (Tex. App.--Eastland, Aug. 23, 2001, pet. ref'd). After petitioner was denied leave to file an original state writ of habeas corpus in the Texas Court of Criminal Appeals, *see Ex parte Harris*, No. 54,299-01 (Tex. Crim. App. Dec. 11, 2002), he sought post-conviction relief in federal district court. His federal writ was dismissed without prejudice for failure to exhaust state remedies. *Harris v. Cockrell*, No. 3-03-CV-0163-L, 2003 WL 21770835 (N.D. Tex. Jul. 16, 2003), *rec. adopted*, 2003 WL 21946716 (N.D. Tex. Jul. 31, 2003), *COA denied*, No. 03-10828 (5th Cir. Feb. 17, 2004). Rather than return to state court, petitioner filed the instant motion

seeking admissions by the State of Texas that he has been subject to illegal arrest, unlawful conviction, and wrongful imprisonment. (*See* Plf. Mot. at 3-6; Mag. J. Interrog. #1(c), 3).[1] Through these admissions, plaintiff hopes to have his conviction "declared invalid by a State or federal tribunal/court, and be released immediately." (*See* Mag. J. Interrog. #6).

II.

The court initially observes that petitioner may challenge the validity of his conviction only in a habeas proceeding brought under 28 U.S.C. § 2254. *See Venzant v. Sistrunk*, No. G-04-052, 2007 WL 471165 at *2 (S.D. Tex. Feb. 7, 2007), *citing Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112 (5th Cir. 1987). "The relief sought by the prisoner or the label he places upon the action is not the governing factor." *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983), *citing Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). Although petitioner opposes any attempt to recharacterize his pleading, it is clear that he is challenging the validity of his conviction and the fact or duration of his confinement. The court therefore treats petitioner's motion as an application for writ of habeas corpus.

III.

So construed, this action must be dismissed. A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an

---

[1] As authority for this novel procedure, petitioner relies on a Seventh Circuit case discussing the use of affidavits in an IRS summons enforcement proceeding. *See United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981), *cert. denied*, 102 S.Ct. 1712 (1982). Of course, such a procedure has no relevance in a proceeding brought by a prisoner challenging the validity of his conviction and confinement.

application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

In his interrogatory answers, petitioner admits that he has not yet exhausted his state remedies. (*See* Mag. J. Interrog. #8). Instead, petitioner asks for an "opportunity to show the court the illegality of my imprisonment" by requiring the State of Texas to answer his "Affidavit of Truth." According to petitioner:

> [T]he Affidavit of Truth is a attempt to give the Dallas county District Attoeney; the 194th Judicial District Court; the State of Texas Attorney general Greg abbott an opportunity to rebut all claims mentioned in the attempt to show the court that no controversy exist between neither me and Craig Watkins or Greg abbott. after it is showed to the court that no controversy exist I will then file a 11.07 habeas corpus with the convicting court addressed to the Texas court of criminal Appeals, and if no relief is granted, then I will file a § 2254 habeas corpus with the United states district court.

(*Id.*). The procedure suggested by petitioner is not authorized by law, and cannot be used to circumvent the requirement that he exhaust available state remedies before seeking federal habeas relief.

## **RECOMMENDATION**

Petitioner's pleading entitled "Motion by 'General Appearance' for Leave to File an Affidavit of Truth" should be treated as an application for writ of habeas corpus and dismissed without prejudice for failure to exhaust state remedies.[2] Because petitioner paid a $350.00 filing fee, but the filing fee for a habeas case is only $5.00, the clerk should be instructed to refund $345.00 to petitioner.

---

[2] If the court accepts petitioner's argument and does not treat his pleading as an application for writ habeas corpus, the case must be dismissed for lack of subject matter jurisdiction because, according to petitioner, there is "no controversy." *See* U.S. Const. art. III, § 2, cl. 1 (federal courts have jurisdiction to hear only claims that constitute "cases" or "controversies").

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATE: December 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE